Thomas & Company *vs.* Stokes.

GEORGE P. THOMAS & COMPANY *et al.*, plaintiffs in error, *vs.* G. W. STOKES, administrator, defendant in error.

(BY TWO JUDGES.)   1. When a Judge of the Superior Court, in the exercise of his discretion, grants or refuses an injunction, this Court will not interfere, unless such discretion has been manifestly abused.
2. Under special circumstances, the Court waived copies of the bill of exceptions and briefs. (R.)   20th February, 1872.

Administrators.   Injunctions.   Before Judge CLARK. Chambers.   Sumter county.   January, 1872.

For the facts upon which the injunction complained of was granted, see the opinion.   The cross-bill was to enjoin the administrator from selling the personalty, under the order of the Ordinary.

(The cause here was at the heel of the circuit, and unexpectedly reached.   Counsel for plaintiff in error was absent, but other counsel proposed to represent him, if the Court would waive copies of the bill of exceptions and briefs being furnished them.   This was objected to by opposing counsel, but was allowed.)

N. A. SMITH, by Z. D. HARRISON and R. H. CLARK, for plaintiffs in error.

P. COOK; W. A. HAWKINS, for defendant.

MONTGOMERY, Judge.

Thomas & Company and others, judgment creditors of the intestate, being enjoined by a mortgage creditor from levying on the land of the estate, threatened to levy on the personalty, consisting of mules, farming implements, corn, cotton, etc.   The administrator filed his bill to enjoin these and other creditors, and stating he had applied for leave to sell the personalty, and prayed, when sold, the money might be brought into Court and distributed, under the direction of the Chancellor, alleging the insolvency of the estate, and that the claims were conflicting.   Among the claims set up, as

conflicting with the judgment creditors, were liens upon the crops and mules for advances by factors, for more than $6,000 00 : $3,500 00, allowed the widow for year's support ; an unknown amount of laborer's wages, an overseer's claim, in suit, as a preferred debt for $1,300 00 ; other overseer's claims of $300 00 and upwards ; physician's bill for attendance in last sickness, homestead for minor children, and a tax execution against his intestate, as surety for the tax collector, for $8,000 00, which had been levied on the house and lot of intestate in Americus. The value of the personalty, added to that of the house and lot in Americus, (valued at $3,000 00,) against levying on which the judgment creditors had not been enjoined, amounted to, by estimate, $14,575 00.

The mortgaged realty consisted of two plantations in Lee county, valued at $18,800 00. The injunction sought by the administrator is resisted, on the ground that, after allowing for all of these claims, there is still over $1,000 00 worth of personalty, subject to the judgment creditors. The argument of counsel is as follows :

" The bill states that Robinson & Company claim $1,750 00, as a crop lien, and that Collins & Son claim a lien on the crop and mules for $4,467 00, and that Mrs. Oliver claims $3,000 00, as set apart for her year's support. The above amounts, (including certain judgments mentioned in a previous part of the argument, not quoted,) exclusive of interest and costs, and the United States Court judgments make the sum of $13,473 77. The estimate in the bill of the personal property is $11,575 00. Add to this the value of the city property in Americus, $3,000 00, as stated in the bill, and the assets of the estate, exclusive of the land in Lee, amount to $14,575 00, estimating the corn at eighty cents per bushel. The only other claim which can come for a share of this fund is the claim of Dr. Hawkins, for attention in the last sickness of Mr. Oliver, and this is not stated, but the whole amount of his bill will not make the surplus, $1,101 03."

"Besides, the real estate in Lee is valued at $18,800 00, on which Mr. Hondlett claims a lien of $6,000 00, which he insists shall take precedence of the liens above set forth, and which are older than his mortgage."

It will be perceived that counsel omit, in his reckoning, the overseer's suit for $1,300 00, another overseer's claim for $300 00, other overseer's claims, amount not stated, laborers' wages, of an unascertained amount, the homestead of the children for $1,000 00, in gold, of personalty, and the tax execution for $8,000 00, levied on the property in Americus, and for which the property of the surety is bound from the date of the bond. Code, 915. Besides, this is putting the years' support allowed to the widow at $500 00 less than stated in the bill. It is said that there is no allegation in the bill that the tax collector is insolvent. The best indication that the administrator can have that he will have to pay the tax execution, is the levy on the property of the estate.

As to the land, the mortgage on that is for $20,000 00, $6000 00 of which are claimed as a debt preferred over all others; the claim of dower is also set up by the bill, amounting to one-third of all the real estate, including the residence in Americus, besides homestead for the minors amounting to $2,000 00 more in gold. When all these items, omitted by counsel in his estimate, are taken into view, it will be perceived that, instead of the administrator having any *surplus* of personalty on hand, supposing these various preferred claims established, the estate, even including the land, will fall short of satisfying them, leaving the general creditor without assets out of which to satisfy his claim. It is difficult to imagine a case presenting more complication and embarrassment to the administrator, and it well entitles him to the interposition of a Court of equity: Code, 3089.

And the Chancellor having exercised his discretion in granting the injunction asked for by the administrator, and in refusing that asked by the defendants in their cross-bill, and the facts showing that there has been no abuse of that dis-

cretion, under a well known rule of this Court, we affirm the judgment.

Judgment affirmed.